**NAPPI DISTRIBUTORS, Plaintiff**

v.

**HEINEKEN USA, INC., Defendant**

No. CIV. 02–260–P–H.

United States District Court,
D. Maine.

Jan. 3, 2003.

Thomas G. Leahy, Esq., John J. Wall, III, Esq., Monaghan, Leahy, Hochadel &

Libby, Portland, ME, for Nappi Distributors, plaintiff.

Michael A. Nelson, Esq., Jensen, Baird, Gardner & Henry, Portland, ME, for Heineken USA Inc., defendant.

## DECISION AND ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

HORNBY, District Judge.

This case requires interpretation of the remedy provisions of Maine's "Certificate of Approval Holder and Maine Wholesale Licensee Agreement Act," 28–A M.R.S.A. § 1451–65 ("Act"). The Act governs the relationship between Maine wholesale distributors of alcoholic beverages and their out-of-state manufacturers or wholesalers.

Previously, Cumberland & York Distributors held the southern Maine distribution rights for Heineken products. Nappi Distributors agreed to buy the assets of Cumberland & York, including the Heineken distribution rights, but Heineken USA, Inc. refused to consent to the transfer. Cumberland & York and Nappi proceeded to consummate their agreement nonetheless, and Heineken then notified Nappi that it was terminating Nappi as a Heineken distributor.

Nappi filed this lawsuit charging that Heineken has violated the Maine Act in various ways. Nappi seeks an injunction (and other ancillary relief) to prevent Heineken from terminating it as a Heineken distributor. Since Heineken has notified Nappi that the termination will be effective January 6, 2003, Nappi also seeks an immediate temporary restraining order. Heineken opposes the request for a temporary restraining order. The parties have agreed that I should decide the motion on the affidavits presented.

The Act imposes distinct limitations on out-of-state manufacturers or wholesalers like Heineken. The reason is "to 'address the economic imbalance' existing between [them] and [Maine] wholesalers." *Eastern of Maine, Inc. v. Vintners Group*, 455 A.2d 936, 942 (Me.1983) ("*Vintners I*"); accord *Eastern of Maine, Inc. v. Vintners Group*, 495 A.2d 318, 321 (Me.1985). Two statutory limitations are at the heart of this case [1] : the Act prohibits an entity like Heineken from unreasonably withholding its consent to a transfer of distribution rights, 28–A M.R.S.A. § 1456; and termination of a Maine distributor like Nappi requires just cause, a defined term, *id.*, § 1454, which specifically excludes transfer of ownership as a reason. *Id.*

The issue on this motion, however, comes down to remedy. Under the Act, a wrongful termination or refusal to consent results in arbitration-determined damages. The measure of compensation, the method for selecting the arbitrator, the assignment of the cost of arbitration, and the arbitration procedures are all specified. *Id.*, § 1457. Another section of the Act describes judicial remedies: "The court may grant equitable relief necessary to remedy the effects of conduct which it finds to exist and which is prohibited under this chapter, including, but not limited to, declaratory judgment and injunctive relief." *Id.*, § 1458(2). If there is bad faith, the court can also award punitive damages as well as actual damages, costs and attorneys fees. *Id.*, § 1458(3).

Nappi maintains that under this statutory remedial scheme, it is entitled to injunctive relief to maintain its Heineken distributorship. Heineken, on the other hand, argues that it is entitled to terminate Nappi as a distributor, even if wrongfully (a circumstance that it does not admit), and

---

1. There is also an issue whether Heineken  gave Nappi proper notice of its decision.

that Nappi's remedy is to seek the statutory measure of arbitration-determined compensation (and presumably, if bad faith is proven, punitive damages, costs and attorneys fees).

I conclude that Heineken reads the Act correctly. The Law Court has recognized that there is a basis for awarding equitable relief in cases of prohibited conduct of this type, *Vintners I*, 455 A.2d at 942, but the statutory measure of the equitable relief to be awarded is restrictive. The Act does not provide for general relief to continue a Maine distributorship indefinitely. Instead, the equitable relief is limited to that which is "necessary to remedy the *effects* of [the prohibited] conduct." 28 A M.R.S.A. § 1458(2)(emphasis added). In other words, the injunctive relief is secondary to the primary remedy of arbitration-determined compensation.[2] The First Circuit recognized the preeminence of the damage remedy in *Solman Distributors, Inc., v. Brown–Forman Corp.*, 888 F.2d 170, 173 (1st Cir.1989). There, in response to the argument that the statute permanently and unfairly saddled out-of-state manufacturers and wholesalers with their Maine distributors, the court noted that the reasonable compensation section provided a way out. This interpretation is fortified by the subsection on punitive damages and attorneys fees. It says that, in cases of bad faith, punitive damages and attorneys fees can be awarded in addition to "actual damages." 28–A M.R.S.A. § 1458(3). There is no mention of award-

ing them in addition to an injunction, further evidence that injunctive relief was not contemplated as a central remedy for termination of a distributorship.

For purposes of this motion, I assume that Heineken was not justified in withholding consent to the transfer to Nappi or in terminating Nappi. (The record suggests that to be the case, and perhaps that is the type of equitable relief that Nappi will obtain ultimately, a declaration of the illegality of Heineken's conduct, preliminary to an arbitrator's determination of compensation.) Nevertheless, Nappi has not shown a likelihood of success on its claim for injunctive relief and therefore a temporary restraining order is inappropriate. Alternatively phrased, Nappi has not shown irreparable injury, given that it can seek the full statutory remedy of specifically-calculated damages. This failure on two parts of the familiar four-factor test for injunctive relief[3] (the other two are the hardship to the defendant Heineken and the public interest) leads me to deny the motion for temporary relief.

SO ORDERED.

---

**2.** That is not the kind of injunctive relief Nappi seeks. As currently pleaded, this is not a lawsuit for arbitration-determined compensation, together with a request for ancillary equitable relief to make Nappi whole after the payment of money. The continuation of the Heineken distributorship is what Nappi wants.

**3.** *E.g., New Comm Wireless Servs. v. Sprint-Com, Inc.,* 287 F.3d 1, 8–9 (1st Cir.2002)

("Whether or not to issue a preliminary injunction depends on four factors: (1) the movant's probability of success on the merits, (2) the likelihood of irreparable harm absent preliminary injunctive relief, (3) a comparison between the harm to the movant if no injunction issues and the harm to the objectors if one does issue, and (4) how the granting or denial of an injunction will interact with the public interest.").